IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TYLER M. HENDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 23-cv-324-NJR |
| | ) |
| UNION COUNTY COURTS TYLER TRIPP, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Tyler M. Henderson, a pretrial detainee currently being housed at the Jackson County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Henderson alleges that the prosecutor in his case has a conflict of interest. He seeks monetary damages.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In his Complaint, Henderson alleges that Tyler Tripp, the state's attorney in Union County, has a conflict of interest in prosecuting the case against Henderson because the victim in the case is Tripp's brother (Doc. 1, p. 6). Although Tripp was removed from the case and a special prosecutor was assigned, Henderson believes that Tripp is still involved in the case. He believes that he was not offered probation because Tripp was in contact with the special prosecutor and making decisions related to the case (*Id.*).

## Discussion

Simply put, Henderson fails to state a claim. As a prosecutor in Henderson's criminal case, Tripp has absolute immunity for "core prosecutorial actions." *Lewis v. Mills*, 677 F.3d 324, 330 (7th Cir. 2012); *see also Spiegel v. Rabinovitz*, 121 F.3d 251, 257 (7th Cir. 1997) ("Under Illinois law, the State's Attorney … is vested with exclusive discretion in the initiation and management of a criminal prosecution."). The decision to prosecute and offer, or not offer, a plea deal for probation is clearly part of Tripp's prosecutorial actions. To the extent that Henderson argues Tripp has a conflict of interest and should not be making decisions in this case, Henderson fails to point to any constitutional right which is violated by Tripp's decisions in his criminal case. Further, absolute immunity protects Tripp from liability even if he acted "maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) (quoting *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986)). As such, Henderson's Complaint is **DISMISSED with prejudice**.

### Disposition

Accordingly, Henderson's Complaint and this entire action is **DISMISSED with prejudice**. This shall count as a "strike" for purposes of 28 U.S.C. § 1915(g).

If Henderson wishes to appeal this Order, he must file a notice of appeal with this Court within **30 days** of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). If Henderson does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999). He must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than **28 days** after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

IT IS SO ORDERED.

DATED: February 1, 2023

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**